DOTY & CO. v. BOYD.

1. ATTACHMENT—AGRICULTURAL LIEN.—The clerk of the court is without jurisdiction, under section 2517 of Rev. Stat., to issue a warrant of attachment on an agricultural lien upon an affidavit signed by the affiant, but not signed by an officer authorized to administer oaths.

2. IBID.—When the affidavits upon which the warrant of attachment is based are not filed in the clerk's office within ten days after the warrant was issued, as required by section 250 of Code, and rule 69 of Circuit Courts, the defendant is entitled, on motion, to have the attachment vacated—following Ketchin *v.* Landecker, 32 S. C., 155.

Before BENET, J., Chester, June 7, 1895. Reversed.

Motion by J. W. Boyd to dissolve attachment on his crop, issued January 31, 1895, at instance of W. R. Doty & Co. Motion refused. Defendant appeals.

*Messrs. McDonald & Hanahan*, for appellant.

*Messrs. Ragsdale & Ragsdale*, contra.

March 9, 1896. The opinion of the court was delivered by

MR. JUSTICE POPE. It seems that this appeal comes up on this state of facts: W. R. Doty & Co., a mercantile firm doing business in the town of Winnsboro, in the county of Fairfield, in this State, made large advances to one J. W. Boyd, taking from him, as security for such advances, three liens on all his crops to be raised during the year 1894. Doty & Co. had their liens indexed in the office of the clerk of court for Fairfield County. The liens were not fully paid, and some differences having arisen between the lienor and the lienees touching the payment of said advances, W. R. Doty, for the firm of W. R. Doty & Co., applied to the clerk of court, R. H. Jennings, Esq., for a warrant directed to the sheriff of Fairfield County, to seize the crops of J. W. Boyd, alleging that said Boyd had sold a bale of cotton covered by the liens held by Doty & Co. without the consent of said firm, and without applying the proceeds of such sale to the *pro tanto* payment of his indebtedness.

The clerk of court issued the warrant to the sheriff directing him to seize Boyd's crops, and thereupon R. E. Ellison, Esq., as sheriff of Fairfield County, seized about ninety bushels of corn, taking possession thereof and making sale thereof. J. W. Boyd thereafter gave notice to the firm of W. R. Doty & Co. that he would move before his honor, Judge Benet, at chambers, at Chester, S. C., on the 26th. day of March, 1895, for an order setting aside and vacating the warrant of attachment, &c., upon the following grounds:

1. That the said warrant was irregularly issued, as the affidavit upon which the same was issued does not state facts sufficient in law to justify the issuing thereof.

2. That the said warrant was improvidently issued, as the statements contained therein are not true.

3. That it appears upon the face of the original papers that there was no sufficient affidavit made and sworn to before any officer authorized by law to administer an oath, and signed by such officer.

4. That no sufficient and legal bond, signed by the said W. R. Doty & Co., was executed and delivered to the clerk before the issuing of the said warrant.

5. That the original undertaking, affidavit (or what purports to be an affidavit), and other papers were not filed in the office of the clerk of court within ten days after issuing the same, as required by section 250 of the Code of Procedure of this State, and rule 69 of the Circuit Court of this State.

At the hearing before Judge Benet, affidavits relating to the foregoing defects were submitted on behalf of J. W. Boyd. W. R. Doty & Co. submitted affidavits that although the affidavit of W. R. Doty was signed by him, and no name of the officer before whom such affidavit was made, yet in fact it was sworn to before R. H. Jennings, Esq., as clerk, who issued the warrant of attachment, and that this omission of the officer's name to the affidavit was unintentional; and W. R. Doty & Co. also submitted an

affidavit showing that the undertaking contemplated in law before the issuing of the warrant was made by W. R. Doty, and one S. D. Dunn, as surety thereto; and also the papers, that the law required should be filed in the clerk's office, were left with the sheriff. Other affidavits were submitted by W. R. Doty & Co. tending to show that after the warrant was issued some mode of settlement had been agreed upon by and between W. R. Doty & Co. and J. W. Boyd. Counter-affidavits were submitted by Boyd on this latter point.

When the motion came on to be heard before Judge Benet, he refused the motion in a written order to that effect. From this order J. W. Boyd now appeals, on six grounds, which need not be set out, but the effect thereof may be thus stated:

First. That the Circuit Judge erred in not holding that the clerk of court could not have jurisdiction to issue the warrant, in the absence of an affidavit duly signed by W. R. Doty before an officer whose name should have been signed thereto as the person before whom the affidavit was made.

Second. That the Circuit Judge erred in holding that it was not fatal to the warrant, and all proceedings thereunder, when the affidavit of W. R. Doty and the undertaking by him were not filed in the office of the clerk of court for Fairfield County within ten days after the issuing of the warrant, as required by section 250 of the Code of Procedure, and the 69th. rule of the Circuit Courts of this State.

Third. That his honor erred in holding the undertaking to be sufficient.

At the hearing before us the third ground was abandoned.

Was the paper called an affidavit such a paper as required by law? We think not. The purposes of the parties connected with it were that it should be an affidavit.

1  Suppose, however, W. R. Doty had been indicted for perjury in the making of such paper, it would be idle

to talk of his conviction therefor on such an incomplete paper. Now the object of the law in requiring an affidavit is to fasten a very heavy responsibility upon the affiant, in case any of the statements are not true. The law as written requires that such a paper should be complete, and that no such warrant should issue in its absence. Of course, in the supposed case of an indictment for perjury and conviction with the paper in question, we have no purpose to indicate even the possibility of the crime of perjury in this case. But we do mean to indicate strongly the purpose of the law in requiring such a paper to be a complete affidavit and not an attempt at one. Then, if this was no affidavit, what right or jurisdiction did Mr. Jennings, as clerk of court, have to issue this warrant? The statute, sec. 2517, of our civil statute laws, expressly requires an "affidavit" as a condition precedent to the issuing the warrant. Such being the case, the clerk of court was without any jurisdiction in the premises, and it was error in the Circuit Judge not to hold that the warrant of attachment was absolutely void.

Next. What effect resulted from the failure of W. R. Doty & Co. not to fail to file these papers in the office of the clerk of court within ten days next after the issuing of the warrant in this case? Clearly the penalty of such failure is to render the whole proceedings null and void. This is precisely what this court decided in *Ketchin* v. *Landecker*, 32 S. C., 155. Quoting from the syllabus of that case: "When the affidavits upon which a warrant of attachment is based are not filed in the clerk's office within ten days after the warrant was issued, as required by law and the rules of court, the defendant is entitled, on motion, to have the attachment vacated." The Circuit Judge was in error here also.

Lastly. We have had brought to our attention some elements of a settlement between these parties here contesting, and, therefore, we deem it important to such parties that we say very frankly that nothing we have said in

this opinion is intended to touch that question, and our judgment must be taken without prejudice as to the merits of any such question.

It is the judgment of this court, that the order of the Circuit Judge appealed from be vacated and the cause remanded to the Circuit Court, with directions to that court to make an order vacating the warrant of attachment and all the proceedings thereunder.